UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARMEN R. PERRY SHARP, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE Commissioner of )<br>the Social Security Administration, )<br>)<br>Defendant. ) | No. 1:10-cv-01488-LJM-TAB |

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY FEES
### UNDER THE EQUAL ACCESS TO JUSTICE ACT

This cause is before the Court on Plaintiff's, Carmen R. Perry-Sharp's ("Perry-Sharp's") Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"). Defendant, Michael J. Astrue, Commissioner of the Social Security Administration (the "Commissioner") has objected. The Court rules as follows.

### I. DISCUSSION

In an Entry dated March 25, 2012, this Court remanded the decision of the Administrative Law Judge ("ALJ") because the credibility decision made by the ALJ was erroneous as contrary to SSR 96-7p. The ALJ failed to build the requisite logical bridge between the evidence and the conclusion that Perry-Sharp was not credible. *See* Dkt. No. 29.

Under the EAJA, the prevailing party in an action for judicial review of an agency determination is entitled to recover attorney's fees "unless the court finds that the

position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner urges that its position was substantially justified.

The Court concludes that the government was not justified in its position in support of the denial of Social Security benefits to Perry-Sharp. While a loss on the merits, as here, does not equate with a lack of substantial justification, in this case the ALJ simply disregarded the claimant's testimony without explanation; such an explanation is clearly required by SSR 96-7p. The regulation need not be set out herein as it is quoted extensively in the Court's remand decision. *See* Dkt. No. 29, at 12. When the record is as clear as this one that a specific regulation on credibility findings has been blatantly ignored, there can be no substantial justification for a defense thereto. Therefore, the Court concludes that Perry-Sharp is entitled to her attorney's fees.

Citing *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), the Commissioner argues that any fee awarded is property of the Social Security recipient and that the form of payment of any award of fees must be directly sent to said recipient and not to the attorney. The *Ratliff* opinion concluded that an attorney fee award under the EAJA is the property of the claimant and as such is subject to any prior debt owed to the government.

The Court is in accord with the reasoning in *Holofchak v. Astrue*, No. 09 C 5204, 2011 WL 662735 (N.D. Ill. Feb. 14, 2011). Therein, the Judge acknowledged the impact and significance of the *Ratliff* Supreme Court opinion, but concluded that the Commissioner ought to present evidence of any debt owed to the government by the claimant before the issue of fees is addressed. Specifically, the Commissioner in this

case has not suggested that there is such a debt. Without such a showing, the check for attorney fees being awarded by this Order may be and is ordered written directly to Perry-Sharp's attorney.

Lastly, the Commissioner argues that Perry-Sharp's attorney exaggerated the number of hours necessary to pursue his client's case and that he is not entitled to the hourly rate for which he has asked. The Court concludes that 34.50 hours is not an unreasonable amount of time to pursue a reversal of an ALJ's denial of a social security disability claim. Each case is individual and may require different times for different tasks. The cases cited by Perry-Sharp support a conclusion that the amount of time spent herein is reasonable. *See* Dkt. Nos. 34, at 3-4 & 31-1, Ex. A.

In addition, the Court concludes that the hourly rate sought by Perry-Sharp's attorney is reasonable. The parties acknowledge that inflationary increases in the statutorily set fees are appropriate. The request here is well within precedential and reasonable bounds and is supported by the case law cited by Perry-Sharp. *See* Dkt. No. 34, at 2-3.

## II. CONCLUSION

For the above reasons the Petition for Fees is **GRANTED** in the requested amount of $5,957.67 and the Commissioner is ordered to pay said fees directly to Perry-Sharp's attorney.

IT IS SO ORDERED this 10th day of September, 2012.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Patrick H. Mulvaney
patrick@mulvanylaw.com

Thomas E. Kieper
tom.kieper@usdoj.gov